## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MELLANY MASCIOCCHI,
Plaintiff,

v.

D.C. CREDIT SERVICES., INC.,
Defendant.

NO.: 1:CV 03-0017

HARRISBURG, PA

JURY TRIAL DEMANDED

JAN 0 3 2003

MARY E. D'ANDREA, Cl
Per

## COMPLAINT

1. Jurisdiction for this action is asserted pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), particularly 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

2. Venue lies in this District pursuant to 28 U.S.C. 1391(b).

3. Plaintiff is an individual and consumer pursuant to 15 U.S.C. §1692a(6)..

4. Defendant is a debt collector(s)/business entity(ies) engaged in the business of collecting debts within this Commonwealth via letters and telephone calls, with its principal place of business located 7445 Topanga Canyon Blvd., Canoga Park, California, 91303-3363.

5. Defendant communicated with plaintiff on or after one year before the date of this action, in connection with collection efforts, by letters, telephone contact or other documents, with regard to plaintiff's alleged and disputed debt.

6. Defendant is a debt collector as defined by 15 U.S.C. §1692a(3).

7. Defendant drafted and mailed a letter to Plaintiff, dated May 10, 2002, which is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2) and §1692a(5).

8. At all pertinent times hereto, defendant was hired by Cross Country Bank, to collect an alleged debt relating to a consumer transaction. (Hereinafter the "alleged debt.")

9. On or about May 10, 2002, Defendant drafted and mailed its initial communication to Plaintiff, via U.S. Mail, a dunning notice or collection letter which attempted to intimidate, threaten and coerce Plaintiff into paying the alleged debt.

10. Defendant's letter indicated that the Plaintiff owed 2147.01, plus interest at $33.88.

11. The letter further stated that, "We have been authorized to offer you a ….settlement of your account, if paid within 30 days.

12. Defendant failed to properly state the amount of the debt in violation of 15 U.S.C. §1692g. Wilkerson v. Bowman, 2001 U.S. Dist. Lexis 4719 (N.D. Ill. 2001).

13. Defendant misrepresented the character and amount of the alleged debt, in violation of 15 U.S.C. e(2)(A) and (B), and 15 U.S.C. §1692f(1).

14. Defendant has no legal rights to charge additional costs to the alleged debt, thus violated the FDCPA by adding to the "balance."

15. Plaintiff believes and therefore avers that defendant never intended to take any further action and that all action that could have been taken was already performed.

16. Defendant's letter was false, confusing, misleading and deceptive and failed to inform Plaintiff of her rights under the FDCPA.

17. The form of Defendant's letter was intentionally confusing, deceptive and misleading.

18. Defendants' letters failed to inform Plaintiff that she is entitled to make partial payments,

19. Defendant, in its collection efforts, demanded an additional amount, in violation of the FDCPA, 15 U.S.C. §1692f(1) and 1692e(2)A and B.

20. Plaintiff believes and therefore avers that she was confused, mislead and deceived by Defendants' mass mailed for letters. In re Belile, 208 B.R. 658 (E.D. Pa 1977).

21. Defendant's letter created a false sense of urgency in both Plaintiff as well as would

create same in the least sophisticated consumer. <u>Tolentino v. Friedman</u>, 833 F. Supp. 697 (N.D. Ill. 1993); <u>Sluys v. Hand</u>, 831 F. Supp. 321 (S.D.N.Y. 1993); and <u>Rosa v. Gaynor</u>, 784 F. Supp 1 (D. Conn. 1989).

22. Defendant's letter was intentionally confusing and deceptive, in violation of 15 U.S.C. §1692e(5) and (10), §1692f(8) and §1692j.

23. Defendant overshadowed the FDCPA.

24. At all time pertinent hereto, the defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the defendants herein.

25. At all times pertinent hereto, the conduct of the defendant, as well as its agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. Plaintiff believes and therefore avers that the defendant made false threats of litigation.

27. Defendants threat of litigation was false because defendant does not routinely file suit against consumer debtors, in violation of 15 U.S.C. §1692e(5) and (10).

28. Defendant's letter failed to properly inform the Plaintiff of her rights under the FDCPA as well as state law.

29. The above mentioned acts with supporting cases demonstrates that the conduct of defendant rises to the level needed for punitive damages.

30. Defendant, in its collection efforts, violated the FDCPA, *inter alia*, Sections 1692, b, c, d, e, f, g, h, and/or n.

31. Defendant, in its collection efforts, used false or deceptive acts and intended to oppress and harass plaintiff.

32.    That, as a result of the wrongful tactics of dependant as aforementioned, plaintiff has been subjected to anxiety, harassment, intimidation and annoyance for which compensation is sought.

**WHEREFORE,** Plaintiff respectfully requests that his Honorable Court enter judgment on her behalf and against defendant and issue an Order:

(A)    Award Plaintiff statutory damages in the amount of One Thousand Dollars ($1,000.00) for each violation of the FDCPA or each separate and discrete incident in which defendants have violated the FDCPA. Kashak v. Raritan Valley Collection Agency, ___F. Supp.____(D.N.J. May 23, 1989), and Rabideau v. Management Adjustment Bureau, 805 F. Supp. 1086, 1095 (W.D.N.Y. 1992)

(B)    Award Plaintiff damages for anxiety, harassment, and intimidation directed at him in an amount not less than Ten Thousand Dollars ($10,000.00), as well as the repetitive nature of defendants form letters.

(C)    Award Plaintiff costs of this litigation, including a reasonable attorney's fee at a rate of $200.00/hour for hours reasonably expended by his attorney in vindicating his rights under the FDCPA, permitted by 15 U.S.C. §1692k(a)(3).

(D)    Award declaratory and injunctive relief, and such other relief as this Honorable Court deems necessary and proper or law or equity may provide.

**WHEREFORE,** plaintiff requests that this Honorable Court issue judgment on her behalf and against defendant as stated above.

Dated: 1/2/03                                    By: _____

                                                        Deanna Lynn Smith
                                                        Attorney for Plaintiff
Fax (717) 728-9498                              76 Greenmont Drive
DLSMITHLAW@aol.com                              Enola, Pennsylvania 17025
                                                        (717) 732-3750

7445 TOPANGA CANYON BLVD
CANOGA PARK, CA 91303-3363

**D.C. CREDIT SERVICES, INC.**

PHONE:      (818) 887-5100
TOLL FREE: (800) 843-4244
OFFICE HOURS:
7AM-8PM MON & WED
7AM-6PM TUES, THURS, FRI
7AM-4PM SAT
CB2

05/10/02

PERSONAL & CONFIDENTIAL
MASCIOCCHI,MELLANY A
45 REBECCA DR
YORK HAVEN PA 17370-9093

RE: CROSS COUNTRY BANK
ACCT # : CCB010-036760-7
REFERENCE # : 4227097285988940
PRINCIPAL :    $2147.01
INTEREST :      $33.88
OTHER :        $.00
TOTAL DUE :    $2180.89

## ** SPECIAL SETTLEMENT OFFER **

We have been authorized to offer you a sixty percent (60%) settlement of your account, if paid within 30 days.  In an effort to help you clear your name and reestablish credit, you can take advantage of this offer to settle your account for a forty percent (40%) reduction today.

For example, if your account balance is $360.72, the forty percent (40%) reduction would be $144.29.  Deduct this amount from the total owed and remit within 30 days.  The payment will be accepted as payment in full.

(1)  My account balance is . . . . . . . . . . . . . . . . . . . . .    $2180.89
(2)  Forty Percent (40%) of the balance is . . . . . . . . . .     $872.36
**** Settlement amount due (Subtract 2 from 1) is . . . .     $1308.53

Please enclose this notice or a copy to insure proper credit of your account.

_____Yes, Thank you, I want to take advantage of this offer.  Payment to clear my account is enclosed.  Please notify all credit bureaus to clear my name

_____No, I cannot take advantage of your offer at this time.  However, I do wish to start to clear my credit.  Enclosed is my first installment of $_____

Sincerely,            *** We are an authorized agent of Western Union: Quick Collect
Chris Davis            Wire & Phonepay. Code City : Credit  Code State : California ****

This has been sent by a collection agency.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| IF PAYING BY VISA  OR  MASTERCARD  , FILL OUT BELOW | | |
|---|---|---|
| ☐ VISA  *VISA* | ☐ MASTERCARD | ☐ ATM Debit Card  **ATM** |
| CARD NUMBER | | AMOUNT |
| SIGNATURE | | EXPIRATION DATE |
| NAME ON CARD | | |

**Please enclose first payment as soon as possible**

NAME:
RE: CROSS COUNTRY BANK
ACCT # : CCB010-036760-7
REFERENCE # : 4227097285988940
PRINCIPAL :    $2147.01
INTEREST :      $33.88
OTHER :        $.00
TOTAL DUE :    $2180.89

We accept check over the phone.  Call for
an easier and more convenient way to make your payment.

Il..l......ll..ll.ll.....ll..ll...ll...ll....ll..l..l.l.ll..l

**D.C. CREDIT SERVICES, INC.**
**7445 TOPANGA CANYON BLVD**
**CANOGA PARK, CA 91303**

CB2  4882